Camera, Jr., et al. *v*. Danna Homes, Inc. and Borough of Morton, Intervenor.

Argued October 3, 1972, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*John P. Trevaskis, Jr.,* with him *Holbrook M. Bunting, Jr.,* and *Trevaskis, Doyle, Currie, Nolan and Bunting,* for appellant.

*Charles C. Keeler,* with him *Fronefield, deFuria and Petrikin,* for appellees.

No appearance for intervenor.

OPINION BY JUDGE ROGERS, October 26, 1972:

Danna Homes, Inc. purchased a parcel of land within the R-1 Residence Zoning District of the Borough of Morton, Delaware County. Desiring to construct an apartment house on its land, Danna here sought a variance from the regulation that only single family homes might be constructed in the R-1 District. It contended that the industrial character of the neighborhood and a swampy condition on a part of its land rendered development in single family dwellings infeasible and caused it unnecessary hardship. The Zoning Hearing Board granted the variance. The Court of Common Pleas of Delaware County reversed.

The issue here is wholly factual. Do the facts bring appellant within the line of cases of which *Garbev Zoning Case,* 385 Pa. 328, 122 A. 2d 682 (1956), *Ferry v. Kownacki,* 396 Pa. 283, 152 A. 2d 456 (1959), and *Zoning Board of Hanover Township v. Koehler,* 2 Pa. Commonwealth Ct. 260, 278 A. 2d 375 (1971), are examples, where the physical characteristics of the neighborhood or of the tract in question or of both are such that the land simply cannot be used as zoned; or are the facts

essentially those of *Sposato v. Radnor Township Board of Adjustment,* 440 Pa. 107, 270 A. 2d 616 (1970) and *Gro Appeal,* 440 Pa. 552, 269 A. 2d 876 (1970), where persons who had paid high prices for land because they assumed that anticipated variances would justify their purchases, were held not to have proved unnecessary hardship simply by showing the characteristics of their properties which rendered the prices they paid exorbitant? The Board found as a fact that part of Danna's property was marshy and would require a substantial amount of fill and concluded apparently chiefly on this ground that the zoning inflicted unique hardship. The court believed that there was insufficient evidence to support this finding and this conclusion, leaning heavily upon the fact that Danna was an experienced builder who purchased with full knowledge of the property's disadvantages. A detailed analysis of facts would be necessary to assign this or any case on one or the other side of the fine line separating the cases referred to above. Here, for a reason not clearly explained, the hearing before the board was reported neither stenographically nor on tape. We have only notes taken in cursive fashion by the Board's secretary.

Section 908(7) of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P. L.     , No. 247, 53 P.S. §10908(7), directs zoning boards to "keep a record of the proceedings, either stenographically or by sound recording,[1] and . . . [to make] . . . a transcript of the proceedings . . . available to any party at cost." We deem a verbatim transcript to be absolutely essential here. As the outcome of this case is important not only to the appellant but to a large group of homeowners protesting the apartments and will turn on precise

---

[1] Sound recording as a means of reporting has been eliminated by amendment effective July 31, 1972, Act of June 1, 1972, P. L. , No. 93, Section 14.

facts, the Board and the courts should have the exact testimony of the witnesses, not merely a minute keeper's version of what he heard the witnesses say.

Accordingly, we reverse the order of the court below and remand the record to it for further remand to the Zoning Hearing Board for the purpose of conducting a hearing reported in accordance with the requirements of the Pennsylvania Municipalities Planning Code.