Terpsi Printzas, D. D. DeRado and Lale DeRado, His Wife, Harry W. Haley and Edna Haley, His Wife, Joseph A. Bruni and Josephine Bruni, His Wife, Appellants, v. Borough of Norristown, Appellee, and Downtown Norristown, Inc., Intervening Appellee.

Argued October 2, 1973, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

484

*E. William Heuser,* with him *Leonard J. D. Myers,* for appellants.

*Paul C. Vangrossi,* with him *Vangrossi & Recchuiti,* for appellee.

OPINION BY JUDGE WILKINSON, November 5, 1973:

The appellants have used what might be loosely characterized as a shotgun technique in raising legal objections to challenge the decision of the Zoning Hearing Board which granted appellee a special exception to build a public parking garage in an area zoned to permit parking lots by special exception.

The decision of the Board is first challenged on the ground that the record does not affirmatively show that the witnesses were sworn, and that the record of the Board hearing is not a stenographic verbatim account. It would appear that the secretary of the Board kept extensive[1] notes as the testimony was given, as well as using a sound recording device. Although actually participating in the hearing, appellants made no objections to these procedures until two months after the transcript of the proceedings was filed in the court below. The transcript of the testimony in this case on all matters of substance, and especially on matters in contention, appears to be a verbatim transcription. In the other areas, notes taken by the secretary, when not verbatim, were certainly extensive. While the Code, as amended in 1972, no longer permits sound recording as an acceptable, exclusive method of reporting, certainly stenographic notes, supplemented and verified by sound recording, are not only not prohibited, indeed this proce-

---

[1] Appellee's brief asserts that the secretary took the notes in shorthand.

dure would seem to deserve commendation. *See* Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P. L. 805, Article IX, Section 908, as amended, 53 P.S. §10908.

Here, the record of testimony covers 35 typewritten pages of questions and answers. Answers that ran more than one line are single spaced. The situation here is a far cry from that in *Camera, Jr. v. Danna Homes, Inc.*, 6 Pa. Commonwealth Ct. 417, 296 A. 2d 283 (1972), where, as Judge ROGERS emphasized, the transcript of the testimony on important points in critical areas was not sufficiently detailed for the court to intelligently arrive at a conclusion. On the contrary, in the instant case, in these areas of testimony, the transcript appears to be verbatim. Further, as indicated above and as noted by the court below, appellants did not object to this procedure until two months after the transcript had been lodged in the court below. Appellants thereby waived their right to object to the record. *Cf. Kreitz v. Zoning Board of Adjustment*, 4 Pa. Commonwealth Ct. 602, 287 A. 2d 884 (1972).

The right of the appellee to apply for a special exception is challenged by appellants because they allege that it did not have ownership of the entire tract. The testimony shows that appellee has agreements of sale executed by the owners of that part of the site that is in question on this point. The remainder of the site was acquired by appellee by condemnation or by deed. Appellants acknowledge that appellee is in a position to obtain fee simple title by virtue of these agreements of sale. Certainly this constitutes equitable ownership sufficient to apply for a special exception.

Getting closer to the substance of the matter, appellants assert that the provisions of the zoning ordinance here involved are impermissively vague in supplying criteria to be used by the Board for granting special exceptions. The discretion the Board exercised here

was to determine that a parking garage was sufficiently similar to a parking lot to come within that category, and that a parking garage did not need the setbacks required of other buildings. The testimony shows that the purpose of the setbacks was to provide off-street parking and off-street loading and unloading. Article I, Section 101 of the ordinance, provides:

"Section 101. *Declaration of Legislative Intent.*

"This Ordinance, enacted for the purpose of promoting the health, safety, morals, and the general welfare of the borough, is in accordance with the Comprehensive Plan of Norristown, and is designed to lessen congestion in the streets and highways, to secure safety from fire, panic and other danger, to provide adequate light and air, to prevent the overcrowding of land, to avoid undue congestion of population, to facilitate schools, parks, and other public requirements, to conserve the value of buildings and to encourage the most appropriate use of land throughout the borough." Measured against these standards, we think the Board had proper criteria in the ordinance on which to base its decision.

The heart of the appellants' case is that the Zoning Hearing Board committed an abuse of discretion and an error of law in granting the special exception. Without here setting forth the evidence in detail, suffice it to say that a careful review of the record amply supports the Board's decision. The cases relied upon by appellants, such as *Appeal of Valley Forge Industries, Inc.,* 406 Pa. 387, 177 A. 2d 450 (1962), were cases where the court sustained the finding that a special exception would not be granted. There may have been sufficient evidence offered by appellants to have justified a finding that they carried their burden of showing a threat to health, safety and welfare, but certainly it was clearly insufficient to be considered so compelling as to require that result.

Finally, appellants challenge the lower court's jurisdiction to hear the case on the merits, since an appeal was then on file in this Court questioning the lower court's order requiring appellants to file a bond before proceeding with the appeal. See opinion filed this date in No. 49 Commonwealth Docket 1973. Inasmuch as appellants were objecting to the requirement that they file a bond in order that their appeal proceed, it would be incongruous if not ludicrous to permit them to object that the lower court, at appellee's request, was proceeding without the bond being filed.

This appeal is dismissed and the order of the lower court is affirmed.

Judge MENCER concurs in result only.