Sanford Cohen, Alvin Cohen and Irwin Cohen, Appellants *v.* Zoning Board of Adjustment of the City of Pittsburgh, Appellee.

Argued May 8, 1980, before Judges ROGERS, BLATT and WILLIAMS, JR., sitting as a panel of three.

*Morton B. DeBroff*, for appellants.

*D. R. Pellegrini*, Deputy City Solicitor, with him *Mead J. Mulvihill, Jr.*, City Solicitor, for appellee.

Opinion by Judge Blatt, July 31, 1980:

Sanford, Alvin, and Irwin Cohen (appellants) appeal here from an order of the Court of Common Pleas of Allegheny County which affirmed the denial of a zoning permit by the Zoning Board of Adjustment of the City of Pittsburgh (Board).

The appellants own three properties in an area zoned as R-2 which denotes a two-family-residence district. Previously, from 1923 until 1958, the area in question was zoned so as to permit one- and two-family units. The appellants acquired the properties in 1970 and applied in 1976 to the zoning administrator for zoning and occupancy permits to use the properties as multi-family dwellings. The administrator approved the applications and issued the permits. Subsequently, Albert DiPofi, a neighboring landowner, appealed the administrator's action to the Board, which held that the permits were improperly issued. The appellants thereupon appealed to the court of common pleas, which heard the case de novo. There, the appellants argued (1) that Mr. DiPofi was not an aggrieved person and therefore was not a proper party before the Board, (2) that multi-family occupancy was proper as a nonconforming use, and (3) that the permits must be issued because they have acquired a vested right through the zoning authorities' past failure to halt the illegal use. The lower court ruled against them on each argument, and this appeal followed.

The appellants raise the same issues here that they raised below. Because, however, the court below took evidence, our review is to determine whether or not the court abused its discretion or committed an error

of law. *Grove v. Zoning Hearing Board of Thornbury Township*, 40 Pa. Commonwealth Ct. 47, 397 A.2d 22 (1979). We conclude that it did not.

As to whether or not DiPofi was an aggrieved person, we note as did the court below, that the appellants did not raise this issue before the Board, and we believe, therefore, that it was waived. *Cf. Shuttle Development Corp. v. Upper Dublin Township*, 19 Pa. Commonwealth Ct. 510, 338 A.2d 777 (1975); *Printzas v. Borough of Norristown*, 10 Pa. Commonwealth Ct. 482, 313 A.2d 781 (1973). It is clear, moreover, that DiPofi, a neighboring resident within the R-2 district, was an aggrieved person. *See Seeherman v. Wilkes-Barre City Zoning Hearing Board*, 42 Pa. Commonwealth Ct. 175, 400 A.2d 1334 (1979); *Raum v. Tredyffrin Township Board of Supervisors*, 20 Pa. Commonwealth Ct. 426, 342 A.2d 450 (1975).

On the issue of whether or not nonconforming uses of the properties existed previously, the court below ruled:

> The Court is not convinced that the properties were, in fact, used as multiple family dwellings prior to the city [zoning] ordinances and is of the opinion that the [appellants] have failed to sustain the requisite burden of proof.

This factual determination is supported by substantial evidence in the record; and, of course, where the alleged nonconforming use does not predate the existing zoning restrictions, it cannot be a valid one. *See* R. Ryan, Pennsylvania Zoning Law and Practice §7.11 (1970).

Finally, we must agree with the court below that the appellants have not acquired a vested right to use these properties as multi-family dwellings. As the court found, they did not establish the prolonged existence of the alleged nonconforming use, which was established in *In Re: Heidorn Appeal*, 412 Pa. 570, 195

A.2d 349 (1963), and *Sheedy v. Zoning Board of Adjustment,* 409 Pa. 655, 187 A.2d 907 (1963).

The order of the lower court is therefore affirmed.

ORDER

AND, Now, this 31st day of July, 1980, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby affirmed.