Marvin Goldsmith, parent and natural guardian for Michael Goldsmith, a minor etc., Appellants *v.* Lower Moreland School District, et al., Appellees.

Argued April 4, 1983, before Judges BLATT, MAC-PHAIL and DOYLE, sitting as a panel of three.

*Jay A. Hurvitz,* for appellants.

*Philip Salkin,* with him *Richard H. Greenberg, Pearlstine, Salkin, Hardiman and Robinson,* for appellees.

OPINION BY JUDGE DOYLE, June 29, 1983:

Marvin Goldsmith (Appellant), parent and natural guardian of Michael Goldsmith, appeals from an order of the Court of Common Pleas of Montgomery County which denied Appellant's motion for a preliminary injunction.

Michael Goldsmith was originally admitted into the kindergarten class at the Pine Road Elementary School in the Lower Moreland Township School District (School District) in September of 1981 when he was five years old. During August of 1981, Michael had

been given preliminary tests by School District personnel and was given additional psychological testing after his admission. As a result of his disruptive behavior and the indications of the preliminary testing, a meeting was held in October of 1981 at which Michael's parents were asked to permit neurological and psychological testing of Michael at the Montgomery County Intermediate Unit. The parents refused and arranged private testing for Michael. Reports of the independent evaluation arranged by the parents were submitted to the School District.

In January of 1982, the principal of the Pine Road School informed Michael's parents, by letter, that the School District was unable to provide an appropriate educational program for Michael and that, pending placement with the Montgomery County Intermediate Unit, he would be provided homebound instruction. Homebound instruction was refused by the parents and on January 26, 1982 the School District refused to admit Michael to the Kindergarten Spring semester at the Pine Road School.

Appellants filed a complaint and motion for injunctive and other appropriate relief in the Court of Common Pleas of Montgomery County on January 28, 1982, alleging a violation of Michael's right to due process in the School District's failure to hold a formal and complete hearing prior to the refusal to admit Michael to the Pine Road School in January. The court of common pleas held that a child below the age of six had no constitutional right to a kindergarten education and Michael was, therefore, not deprived of any liberty or property interest without due process of law.

Michael was admitted to the Fall 1982 semester and the District pursued the required procedures under the Public School Code of 1949[1] (Code) to place Michael in an appropriate program.

---

[1] Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §§1-101 — 27-2702.

Initially, we must consider whether the admission of Michael Goldsmith into the Fall 1982 semester and pursuit of all the statutorily required procedures to provide Michael with an appropriate education renders this action moot. The law in this area is clear. An appeal will be dismissed when the occurrence of an event renders it impossible for the court to grant the requested relief. *Chester Upland School District v. Chester Upland Education Association*, 64 Pa. Commonwealth Ct. 523, 440 A.2d 1283 (1982). Only if the issues involved are of a recurring nature, of important public interest and capable of repeatedly evading review will we refuse to dismiss. *Chester Upland; Port Authority of Allegheny County v. Division 85, Amalgamated Transit Union*, 34 Pa. Commonwealth Ct. 71, 383 A.2d 954 (1978); *Temple University of the Commonwealth System of Higher Education v. Department of Public Welfare*, 30 Pa. Commonwealth Ct. 595, 374 A.2d 991 (1977).

While it is clear that the relief requested can no longer be granted, we believe the issue presented in this case, whether a child below the age of six enjoys any constitutionally protected right to a kindergarten education, is likely to recur and will continue to evade review as the plaintiff children, like Michael Goldsmith, reach the age of six and are admitted into the primary school system before the appellate process is exhausted.

Addressing the merits of the case, then, we find ourselves in agreement with the court of common pleas and with our own analysis in *O'Leary v. Wisecup*, 26 Pa. Commonwealth Ct. 538, 364 A.2d 770 (1976). In *O'Leary*, a student was refused transfer into the kindergarten of one school district because he failed to meet the minimum age requirement. He had, however, met the minimum age requirement and was admitted into kindergarten in the school district from

which he was transferring. We examined the applicable provisions of the Public School Code. Section 501 of the Code, 24 P.S. §5-501 provides:

> The board of school directors in every school district *shall* establish, equip, furnish, and maintain a sufficient number of elementary public schools, in compliance with the provisions of this act, to educate every person, residing in such district, *between the ages of six and twenty-one years* who may attend. (Emphasis added.)

Section 503 of the Code, 24 P.S. §5-503 provides, in pertinent part:

> The board of school directors in any school district *may* establish and maintain kindergartens for children *between the ages of four and six years*. (Emphasis added.)

From these statutory provisions we concluded that local school districts were required to provide free public education only to those resident children who have reached the age of six. We concluded further

> that the state has not statutorily entitled a child to a kindergarten education and that enrollment in kindergarten does not, therefore, create a property interest on behalf of the student concerned.

26 Pa. Commonwealth Ct. at 542-43, 364 A.2d at 773.

We conclude similarly here that Michael enjoyed no constitutionally protected property interest in admission into kindergarten at the Pine Road School, and it follows that he was deprived of no due process in his exclusion from the kindergarten class without a formal hearing. In light of the School District's offer of homebound instruction, we also cannot say that the record shows any evidence that the School District's action was arbitrary, capricious or an abuse of discretion.

Accordingly, we affirm the order of the court of common pleas.

ORDER

Now, June 29, 1983, the order of the Court of Common Pleas of Montgomery County in the above referenced matter, dated February 3, 1982 is hereby affirmed.