Commonwealth of Pennsylvania, Department of Revenue, Appellant *v.* Flaming Angus, Inc., Appellee.

Argued December 7, 1983, before Judges CRAIG, DOYLE and BLATT, sitting as a panel of three.

*Prince Altee Thomas,* Deputy Attorney General, with him *LeRoy S. Zimmerman,* Attorney General, for appellant.

*David L. Creskoff, Mesirov, Gelman, Jaffe, Cramer & Jamieson,* for appellee.

OPINION BY JUDGE DOYLE, February 29, 1984:

The Commonwealth of Pennsylvania, Department of Revenue (Department) brings this appeal from an order of the Court of Common Pleas of Philadelphia County which stayed proceedings in execution on a tax lien against the property of Appellee, Flaming Angus, Inc.

Flaming Angus, Inc. (Angus) was engaged in the retail restaurant business in the City of Philadelphia and in the course of that business collected sales taxes and incurred a liability for those taxes to the Commonwealth. In July of 1978, Angus entered into an agreement of sale with Pammco-Dewey's, Inc. (Dewey's) for the purchase of all Angus' assets. The agreement

specified that Dewey's assumed the responsibility for the tax liability to the Commonwealth.

On November 14, 1979, the Secretary of Revenue caused a tax lien to be filed against Angus and on August 20, 1981, issued a writ of execution on the lien against certain Angus property. On October 2, 1981, the court of common pleas issued a stay of proceedings because of defects in the execution documents.[1] A further writ of execution was filed and on December 2, 1981, the court issued a rule upon the Commonwealth to show cause why the scheduled tax sale should not be stayed. Following a hearing, the court of common pleas issued an order on April 19, 1982, which is the order appealed here.

The order of the court of common pleas provided for a stay of proceedings in execution on the condition that Angus pay into an interest bearing escrow account the sum of $21,125.41, a sum equal to the tax liability to the Commonwealth. The order provided that on April 6, 1983, the aforesaid sum plus six percent interest would be released to the Commonwealth unless Angus had, before that date, satisfied its debt.

The parties appeared before this Court on December 7, 1983, and argued the merits of the court of common pleas' discretion to stay the execution on the lien under the circumstances presented by this case. We believe, however, that the passage of the April 6, 1983, deadline in the court of common pleas' order renders moot any question of its discretion to issue that order. Although it appears that the sum held in escrow has not yet been released to the Commonwealth, the stay of proceedings has by its terms dissolved and the Department has only to insist on compliance with the or-

---

[1] The Writ of Execution was defective on its face as it listed the wrong address of the property subject to the Sheriff sale.

der it appeals to obtain the taxes due. Whether the court of common pleas abused its discretion in issuing the stay in the first instance is now irrelevant and we do not find compelling reason to address that question.[2]

There remains, however, an issue on appeal which is not rendered moot. The Department has argued abuse of the court's discretion not only in issuing the stay but also in setting the interest rate to be paid at only six percent. Section 265 of the Tax Reform Code of 1971, Act of March 4, 1971, P.L. 6, *as amended*, 72 P.S. §7265, imposes a rate of .75% per month (9% per annum) on tax not paid when due. While the unique equities of this case might have justified use of the court's discretion to stay execution on Angus' property to satisfy the tax debt,[3] the court of common pleas had no discretion to alter the statutory interest due when the taxes remained outstanding beyond the date prescribed for payment.

ORDER

Now, February 29, 1984, the order of the Court of Common Pleas of Philadelphia County in the above captioned matter is affirmed and modified. Payment to the Commonwealth of the sums held in escrow together with 9% interest is directed consistent with this opinion.

---

[2] We will address issues rendered moot only when they are of important public significance, of a recurring nature and capable of repeatedly evading review. *See Goldsmith v. Lower Moreland School District*, 75 Pa. Commonwealth Ct. 288, 461 A.2d 1341 (1983).

[3] The court of common pleas reasoned that Angus' non-payment of the sales tax due was not the result of Angus' delinquency but was due rather to breach of the sales agreement by Dewey's. The court found, therefore, that equity demanded suspension of the execution on the Angus property to allow time for Angus to compel payment of its debt by Dewey's.