Andrew Conway, Individually and by his Parents, Regina Conway and Charles Conway and Regina Conway and Charles Conway, individually and in their own right, Petitioners *v.* Robert C. Wilburn, Secretary of Education and Commonwealth of Pennsylvania, Department of Education, Respondents.

Argued December 10, 1984, before Judges WIL-LIAMS, JR. and PALLADINO and Senior Judge BARBIERI, sitting as a panel of three.

*Edward G. Titterton, III,* for petitioners.

*Ernest N. Helling,* Counsel, with him, *John A. Alzamora,* Senior Counsel, for respondents.

*Robert A. MacDonnell, Obermayer, Rebmann, Maxwell & Hippel,* for intervenor, Abington School District.

OPINION BY JUDGE BARBIERI, February 20, 1985:

Charles Conway and his wife Regina (Petitioners), parents of Andrew Conway, appeal here an adjudication and final order of the Secretary of Education (Secretary), reversing a recommended order issued by a hearing officer following a due process hearing conducted pursuant to 22 Pa. Code §§13.31-13.33.

Andrew, a nine-year-old severely and profoundly impaired mentally retarded child, resides with his parents in the Abington School District (District). During the summer of 1981 and previous summers, Andrew attended extended school year (ESY) programming operated by the Montgomery County Intermediate Unit (MCIU). However, in the spring of 1982, based upon the judgment of public school special education personnel who had observed and reviewed records concerning Andrew, the District and the MCIU determined that Andrew was ineligible for ESY programming for the summer of 1982. Pursuant to 22 Pa. Code §13.31, Petitioners subsequently requested a due process hearing to contest the District's determination.

Following three hearing sessions in the matter, on November 11, 1982 the hearing officer issued a report and recommended to the Secretary that Andrew was eligible for ESY programming for the summers of 1982 and 1983, pursuant to Remedial Order No. 2 of *Armstrong v. Klein,* 476 F. Supp. 583 (E.D. Pa. 1979), *modified and remanded, Battle v. Commonwealth,* 629 F.2d 269 (3rd Cir. 1980), and that the District be ordered to develop an appropriate evaluative strategy for measuring Andrew's regression and recoupment in learned skills to be used in determining Andrew's ESY eligibility. On August 22, 1983, the Secretary reversed the hearing officer's recommended order, ruling, *inter alia,* that the hearing officer had erred

in not ruling as moot the matter of alleged defects in data for the years prior to 1983. The Secretary ordered:

> If there is a continuing request by Andrew's parent[s] for an ESY program, then the district shall review such requests in terms of: Andrew's past regular school year IEP(s) [individual education plan] and observations and data gathered about Andrew's performance under the IEP, (ii) such other available information, tests, reports, and data in the district's and MCIU's possession which the district believes relevant to such review, and (iii) the *Armstrong* Remedial Order No. 2 ESY standard.

Petitioners filed a timely Petition for Review of this decision.

Petitioners argue: (1) the Secretary erred by ruling that the issue of Andrew's ESY eligibility for the summer of 1982 was moot and that the hearing officer's presumption that any given policy existed or would be repeated in ESY evaluations for the summer of 1983 was without legal or evidentiary basis; (2) the Secretary erred by determining that the hearing officer incorrectly assigned the burden of proof; (3) the collection process employed by the District and the MCIU to assess Andrew's eligibility for ESY programming was defective; and (4) the District's procedure for determining Andrew's ESY eligibility was invalid because it took into account "learned" skills, but not "unlearned" or "mastered" skills.

Initially, we address the issue of whether Andrew's ESY eligibility for the summers of 1982 and 1983 is moot. As a general rule, an actual case controversy must exist at all stages of appellate review. *Janet D.*

*v. Carros,* 240 Pa. Superior Ct. 291, 308, 362 A.2d 1060, 1068 (1976). However, we may decide substantial questions, otherwise moot, which are capable of repetition unless settled. *See, e.g., Colonial Gardens Nursing Home v. Bachman,* 473 Pa. 56, 59, 373 A.2d 748, 750 (1977); *Petition of Daily Item,* 310 Pa. Superior Ct. 222, 223, 456 A.2d 580, 581 (1983); *Goldsmith v. Lower Moreland School District,* 75 Pa. Commonwealth Ct. 288, 291, 461 A.2d 1341, 1342 (1983). Here, the procedures employed by the Department to evaluate Andrew's ESY eligibility for the summer of 1982 may continue to be applied to Andrew and others to evaluate their ESY eligibility. Finding the issue of the appropriate procedures for evaluating ESY eligibility to be a question which is both substantial and capable of repetition, we believe that the question of whether the District used suitable procedures to evaluate Andrew's ESY eligibility for the summer of 1982 should be addressed on its merits. The issue of Andrew's ESY eligibility for the summer of 1983, however, should not be addressed, since no evidence was presented before the hearing officer to establish the procedures that would be utilized with respect to that summer.

Petitioners also argue that the Secretary erred in determining that the hearing officer incorrectly assigned the burden of proof. The hearing officer reasoned:

> The School District presented little or no convincing testimony to establish a cause for possible regression. This contention centered on the proposition that if regression in learned skills occurred, Andrew recouped those skills within a reasonable period of time. Since the data presented by the District on this issue were wanting relative to consistency and relia-

bility, these data can not be used to establish a causal or non-causal relationship between regression and summer break.

We agree with Petitioners that the hearing officer properly assigned the burden of proof. In the present case, the District proposed to change Andrew's educational status by declaring him ineligible for ESY programming. Under 22 Pa. Code §13.32(15), this proposed change could be approved "only if supported by substantial evidence on the whole record of the hearing."[1] Having reviewed the relevant portions of the hearing officer's decision, we believe that the hearing officer applied exactly this standard of proof, by requiring the District to show that the proposed change in Andrew's program was supported by substantial evidence.[2]

---

[1] 22 Pa. Code §13.32(15) provides:

*The proposed change in educational status or modification for appropriateness shall be approved only if supported by substantial evidence on the whole record of the hearing.* Introduction by the school district or intermediate unit of the official report recommending a change in educational assignment, provided a copy of such report was given to parent at the time notice was given, shall discharge its burden of going forward with the evidence, thereby requiring the parent to introduce as contemplated in Paragraph (17), (18) and (19) of this section in support of the contention of the parents. (Emphasis added.)

22 Pa. Code §13.33(7) provides that a due process hearing requested by the student's parents shall follow the steps and procedures set forth in §13.32(9)-(24). Moreover, 22 Pa. Code §13.32(15) applies to parent-initiated due process procedures as well as District-initiated procedures.

[2] The case of *Fitz v. Intermediate Unit No. 29*, 43 Pa. Commonwealth Ct. 370, 403 A.2d 138 (1979), cited by the District, actually strengthens our conclusion. In *Fitz*, where parents requested a change in their daughter's educational program, which had been in place for two years, we held that the parents had the burden of showing that the change was supported by substantial evidence.

We come now to Petitioners' further contention that the data collection procedures employed by the District to assess Andrew's ESY eligibility were defective and that the District should have taken into account "unlearned" and "mastered" skills in addition to "learned" skills in determining Andrew's ESY eligibility. Although the Secretary noted in passing that the hearing officer should have given more evidentiary weight to the data collected by the District in evaluating Andrew's eligibility, the Secretary's decision was based on mootness, rather than on the validity of the procedures used to evaluate Andrew's ESY eligibility. Consequently, we believe that the Secretary did not adequately address the validity of the procedures used by the District to determine Andrew's ESY eligibility.[3]

Accordingly, we vacate the order of the Secretary reversing the hearing officer's recommended order and remand to the Secretary for further proceedings consistent with this opinion.

### ORDER

AND Now, this 20th day of February, 1985, it is ordered that the order of the Secretary of Education, dated August 22, 1983, is hereby vacated and this case is remanded to the Secretary for proceedings consistent with this opinion.

---

Similarly, in the present case, where the District proposed the change, the District has the burden of showing that the change is supported by substantial evidence. *See also Silvio v. Department of Education*, 64 Pa. Commonwealth Ct. 192, 197, 439 A.2d 893, 896 (1982) ("It is true that the school district had the burden to show the appropriateness of the proposed placement of Melissa at Beechwood. 22 Pa. Code §13.32(15).")

[3] Indeed, the Secretary of Education asks that we remand to him for a determination on these two issues if we find that the questions presented are not moot.

618

This decision was reached prior to the resignation of Judge WILLIAMS, JR.

Judge ROGERS did not participate in the decision in this case.