623 A.2d 424

Phillip COLAROSSI and Debra Colarossi, his
wife, et al., a/k/a The Clarks Green Assn.

v.

CLARKS GREEN BOARD OF ZONING APPEALS
and Thomas Minora, M.D.

Appeal of Thomas MINORA, M.D., Appellant.

Commonwealth Court of Pennsylvania.

Argued Sept. 17, 1992.

Decided March 12, 1993.

Carmen D. Minora, for appellant.
Vincent S. Cimini, for appellees.

Before CRAIG, President Judge, and SMITH and KELLEY, JJ.

KELLEY, Judge.

Dr. Thomas Minora (Minora) appeals from an order of the Court of Common Pleas of Lackawanna County (trial court) denying his appeal and affirming the decision of the Clarks Green Zoning Board (board) which denied his application for a variance. We affirm.

On June 28, 1988, Minora requested a variance from the board to construct a professional office building on a vacant lot located in the Borough of Clarks Green (borough), Lackawanna County, Pennsylvania. The lot is zoned R–1 which limits its use to a single family residence. The proposed use of the lot as a professional office building is not permitted under the provisions of the zoning ordinances of the borough.

The board held a hearing on July 28, 1988, and issued a decision granting Minora's variance application. No official stenographer transcribed the proceedings, nor did the board take recorded testimony or evidence as required by section 908 of the Pennsylvania Municipalities Planning Code (Code).[1] Instead, Minora's counsel tape recorded the meeting and later had his secretary transcribe the tape.

On August 24, 1988, Philip and Debra Colarossi, a/k/a The Clarks Green Association (association) filed an appeal of the board's decision to the trial court. Thereafter, on November 10, 1988, Minora filed a petition requiring posting of bond. On December 30, 1988, the trial court held a hearing addressing the issues of: (1) whether the transcript prepared by Minora's counsel should be considered as the official transcript for purposes of the appeal; and (2) whether the association should be required to post a bond in accordance with section 1008 of the Code.[2]

1. Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10908.
2. 53 P.S. § 11008. Section 1008, 53 P.S. § 11008, was repealed by Act of December 21, 1988, P.L. 1329. A similar provision is now found in section 1003–A of the Code, 53 P.S. § 11003–A.

On January 24, 1989, the trial court remanded the case to the board for a second hearing in order to prepare an official board transcript upon which the trial court could decide the merits of the appeal. The trial court also ordered the association to post a $300,000 appeal bond within ten days or the appeal would be dismissed.

The association filed a motion for clarification and reconsideration of court order dated January 24, 1989, seeking clarification of the remand order and arguing that the court erred in requesting the posting of a bond. On January 27, 1989, the trial court vacated the order of January 24, 1989, and remanded the case back to the board for a hearing *de novo* with directions to the board to prepare an official transcript of the proceedings. The trial court further ordered that if the board issued an order which was adverse to the association and the association decided to appeal said order, the association was required to file a $300,000 appeal bond at the time of the appeal.

On February 1, 1989, Minora filed preliminary objections to the association's January 24, 1989 motion for clarification and reconsideration of court order dated January 24, 1989.[3]

Pursuant to the January 27, 1989 order, the board held a hearing *de novo* on February 15, 1989. On March 7, 1989, the board entered a decision denying Minora a variance to construct a professional office building. On April 6, 1989, Minora appealed that decision to the trial court.

On June 5, 1989, in response to Minora's preliminary objections to the association's motion for clarification and reconsideration, the trial court entered an order rescinding the amend-

3. On February 22, 1989, Minora filed a notice of appeal with this court from the orders entered in this matter on January 24, 1989, and January 27, 1989. On June 27, 1989, this court determined that the January 27, 1989 remand order of the trial court was interlocutory and not a final appealable order under section 762 of the Judicial Code, 42 Pa.C.S. § 762. Therefore, this court dismissed Minora's appeal without prejudice for either party to appeal to this court for review regarding the entire record below when a final appealable adjudication of the matter was issued by the trial court. *See* docket entries, Reproduced Record (R.) at 3a, 5a–6a. The association did not appeal the portion of the trial court's order requiring the posting of an appeal bond.

ed order of January 27, 1989, and reinstating the order of January 24, 1989. As a result, the trial court ordered that the association post a $300,000 appeal bond within ten days of its June 5, 1989 order. On June 13, 1989, instead of posting the appeal bond, the association filed a petition for reconsideration of court's order of January 24, 1989, again arguing that they should not be required to post an appeal bond. The board joined in that petition.

On September 7, 1989, the trial court issued an order denying the association's petition in light of the trial court's order of June 5, 1989, sustaining Minora's preliminary objections to the associations' motion for clarification and reconsideration of court order dated January 24, 1989. On September 15, 1989, the association posted a $300,000 appeal bond and, on that same date, both the association and the board filed a motion for reconsideration by the court en banc of the court's orders of January 24, 1989 and September 7, 1989.

On September 18, 1989 the court en banc entered an order rescinding the trial court's orders of January 24, 1989 and September 7, 1989, and acknowledging that a valid rehearing of Minora's application for a variance had already occurred on February 15, 1989 before the board; that a decision by the board was handed down on March 7, 1989; and that a timely appeal from that decision was taken to the trial court by Minora on April 6, 1989.

Thereafter, on September 18, 1989, the association filed a motion to withdraw the $300,000 appeal bond and on September 29, 1989, the trial court ordered that the appeal bond be withdrawn.

■ On September 26, 1990, the trial court, after reviewing the board's decision of March 7, 1989 denying Minora a variance, affirmed that decision and dismissed Minora's appeal. It is from that order that Minora now appeals to this court.[4]

On appeal, Minora raises the following three issues:

4. When no new evidence is submitted to the trial court, this court's scope of review is limited to a determination of whether the zoning

1. Whether the trial court erred in refusing to accept Minora's transcript of July 28, 1988, as prepared from a preserved tape recording by Minora's counsel and verified for accuracy by the participants and the transcribing secretary;

2. Whether the trial court committed an abuse of discretion or an error of law by permitting the association to submit three separate yet substantially identical petitions/motions for reconsideration of unfavorable zoning orders without first posting the appeal bond as ordered or appealing to the Commonwealth Court as is required for a statutory appeal; and

3. Whether the trial court committed an abuse of discretion and an error of law when it allowed three separate but identical motions for reconsideration to be heard despite the fact that Minora asserted res judicata as a bar.

In response, the association argues on appeal that the trial court properly rejected the transcript of the July 28, 1988 hearing; that the trial court erred in requiring the association to post an appeal bond as set forth in its January 24, 1989 order; that the alleged procedural errors that may have occurred in the trial court are harmless and moot in light of the fact that the posting of an appeal bond should never have been required of the association; and that the trial court properly affirmed the board's March 7, 1989, decision denying Minora's variance request.

## I. TRANSCRIPT OF JULY 28, 1988 HEARING

■ At the time of the July 28, 1988 hearing,[5] section 908(7) of the Code, 53 P.S. § 10908(7), required that:

hearing board committed a manifest abuse of discretion or an error of law. *Searles v. Zoning Hearing Board, City of Easton,* 118 Pa.Commonwealth Ct. 453, 545 A.2d 476 (1988). A zoning hearing board abuses its discretion only if its findings of fact are not supported by substantial evidence. *Bilotta v. Haverford Township Zoning Board of Adjustment,* 440 Pa. 105, 270 A.2d 619 (1970).

5. Section 908(7) was amended by Act of December 21, 1988, P.L. 1329 and now reads:

(7) The board or the hearing officer, as the case may be, shall keep a stenographic record of the proceedings and a transcript of the proceedings and copies of graphic or written material received in evidence shall be made available to any party at cost.

Thus, zoning hearing boards are directed to keep a stenographic transcript of any hearing. *Camera, Jr. v. Danna Homes, Inc.,* 6 Pa.Commonwealth Ct. 417, 419, 296 A.2d 283, 284 (1972). The court in *Danna Homes* noted that sound recording as a means of reporting has been eliminated from the Code by amendment effective July 31, 1972, Act of June 1, 1972, P.L. 333. *Id.*

Minora relies heavily on *Printzas v. Borough of Norristown,* 10 Pa.Commonwealth Ct. 482, 313 A.2d 781 (1973), to support his argument that the trial court erred by not accepting the transcribed tape recording his counsel prepared of the July 28, 1988 hearing. In *Printzas,* the court pointed out that the Code, as amended in 1972, no longer permits sound recording as an acceptable, *exclusive* method of reporting. *Printzas,* 10 Pa.Commonwealth Ct. at 484, 313 A.2d at 782. However, the court held that where a transcript is based on stenographic notes taken by a zoning board's secretary that were supplemented and verified by a sound recording, said transcript was not only not prohibited, but deserving of commendation. *Id.*

In the present case, the transcript of the July 28, 1988 hearing is taken exclusively from a tape recording made by Minora's counsel on behalf of a party to this case and transcribed by an employee of Minora's counsel. There were no independent stenographic notes taken by the board's secretary or any member of the board which were supplemented

---

(7) The board or the hearing officer, as the case may be, shall keep a stenographic record of the proceedings. The appearance fee for a stenographer shall be shared equally by the applicant and the board. The cost of the original transcript shall be paid by the board if the transcript is ordered by the board or hearing officer or shall be paid by the person appealing from the decision of the board if such appeal is made, and in either event the cost of additional copies shall be paid by the person requesting such copy or copies. In other cases the party requesting the original transcript shall bear the cost thereof. 53 P.S. § 10908(7).

and verified by a tape recording as in *Printzas*. Furthermore, none of the members of the association involved in this appeal was present at the July 28, 1988 hearing; therefore, they objected to the admission of the transcript before the trial court.

Section 908(7) of the Code specifically requires that the board or a hearing officer, as the case may be, shall keep a stenographic record of the proceedings. 53 P.S. § 10908(7). This language is mandatory. As such, any record kept by any other party or person present at said proceedings may properly be rejected by the trial court as evidence of an official stenographic record of the proceedings before a zoning hearing board. Accordingly, the trial court properly refused to accept the transcript prepared exclusively from a tape recording made by Minora's counsel of the July 28, 1988 hearing before the board.

## II. PROCEDURAL ERRORS AND POSTING OF APPEAL BOND

Minora next argues that the trial court erred in allowing the association to repeatedly file petitions/motions for clarification and reconsideration of the trial court's orders without posting bond, as required by the orders, or appealing to this court, as is required for a statutory appeal. The association answers that the court erred by ordering them to post bond at all; therefore, any procedural errors are harmless or moot.

The thrust of Minora's argument is that the January 24, 1989 and June 5, 1989 orders of the trial court requiring the posting of an appeal bond by the association were final and appealable orders; therefore, the association should have filed an appeal with this court instead of filing three petitions/motions for reconsideration of the trial court's orders. However, this court has held that orders requiring the posting of an appeal bond pursuant to the Code are interlocutory and not appealable. *See Russo v. Zoning Hearing Board of Perkiomen Township*, 86 Pa.Commonwealth Ct. 137, 142, 484 A.2d 215, 217 (1984); *In re Appeal of Gilbert*, 34 Pa. Common-

wealth Ct. 299, 309, 383 A.2d 556, 560 (1978). An appeal from a trial court's order dismissing a zoning appeal for failure to post an appeal bond is a final appealable order. *See In re Appeal of Hoak,* 391 A.2d 1092 (Pa.Cmwlth.1978). The record in this case reveals that the trial court did not enter an order dismissing the association's appeal for failure to post the $300,000 appeal bond.

Consequently, the association could not have appealed the January 24, 1989 order or the June 5, 1989 order requiring the posting of an appeal bond until an order deciding the merits of this appeal had been entered by the trial court. Accordingly, it was within the trial court's discretion to entertain as many petitions/motions for reconsideration as it deemed appropriate in the association's appeal before a final order disposing of the merits of the appeal was entered.[6]

The association argues that the trial court erred in requiring it to post an appeal bond. As a hearing was held on February 15, 1989 resulting in a decision by the board favorable to the association; as that decision of the board was affirmed by the trial court on September 26, 1990; and as this Court has decided to affirm the trial court's September 26, 1990 order in this opinion, any argument on appeal by the association concerning error on the part of the trial court in requiring it to post a bond is moot. Appellate courts may only address issues rendered moot when they are of important public significance, of a recurring nature and capable of repeatedly evading review. *Department of Revenue v. Flaming Angus, Inc.,* 80 Pa.Commonwealth Ct. 504, 471 A.2d 1315 (1984). There are no such issues present in the instant case.

Moreover, the record shows that the association did not post an appeal bond until September 15, 1989, and the trial court ordered said bond to be withdrawn on September 29, 1989. Therefore, considering the short period of time the association actually posted a bond, fourteen days, and the fact

6. Due to our decision that the trial court did not abuse its discretion in entertaining the various petitions and motions filed by the parties in this case, we need not address Minora's third issue raised on appeal regarding res judicata.

that the association prevailed at the remand hearing, any error on the part of the trial court in ordering the posting of said bond was harmless.

### III. TRIAL COURT'S SEPTEMBER 26, 1990 ORDER AFFIRMING DECISION OF BOARD DENYING VARIANCE

Finally, Minora has not raised any argument that the board abused its discretion or committed an error of law by denying him a variance in its March 7, 1989 decision, so we can only find that it did not.

Accordingly, the order of the trial court is affirmed.

### ORDER

NOW, this 12th day of March, 1993, the order of the Court of Common Pleas of Lackawanna County, dated September 26, 1990, at No. 88–CIV–4367, is hereby affirmed.

This matter was argued before a panel consisting of Judge SMITH, Judge KELLEY and Senior Judge BARRY. Because of the untimely death of Senior Judge BARRY, the case was submitted on briefs to President Judge CRAIG for his consideration as a member of the panel.