Nathan O'Leary, a minor by James O'Leary, his guardian, Appellant *v.* James Wisecup, individually and as Superintendent of the Penn Hills School District, John D. Beswick, individually and as President of the Penn Hills School Board, Penn Hills School District, Appellees. (2 Cases)

Argued May 7, 1976, before Judges Crumlish, Jr., Wilkinson, Jr., and Blatt, sitting as a panel of three.

*Judd F. Crosby*, for appellant.

*John M. Tighe,* for appellee.

Opinion by Judge Blatt, October 13, 1976:

Nathan O'Leary (appellant) filed two appeals, consolidated herein, from two orders of the Court of Common Pleas of Allegheny County which refused to grant his request for a preliminary injunction and dismissed his complaint in equity.[1]

The undisputed facts are that Nathan O'Leary entered a kindergarten in the Wilkinsburg School District (Wilkinsburg) in September of 1975, having been born on October 12, 1970 and so meeting the

---

[1] On December 1, 1975, the court denied the request for a preliminary injunction and on March 1, 1976, as explained by the final decree dated March 25, 1976, the court, sitting en banc, dismissed the exceptions to the adjudication and "disposed" of the complaint.

age requirement for admission to that school in that district. In November of 1975, the O'Leary family moved into the Penn Hills School District (Penn Hills), which required that children be five years old in order to enter kindergarten in September of any particular year. Because Nathan would not have been old enough to have entered its kindergarten in September of 1975, therefore, the District refused to enroll him as a transfer student in November. At that time, of course, he actually was five years old, his fifth birthday having occurred after his admission in Wilkinsburg but before admission was requested at Penn Hills.[2]

The issue here is whether or not the court below, which denied the preliminary injunction and dismissed the complaint, committed any errors of law. We do not believe that it did.

The appellant presents three grounds upon which we are urged to reverse the lower court: (1) that the Penn Hills' action violated the appellant's rights as guaranteed by the Fourteenth Amendment to the United States Constitution; (2) that the Penn Hills' action violated the Public School Code of 1949[3] (Code) and the rules and regulations promulgated thereunder; and (3) that the action of Penn Hills constituted an abuse of discretion. Our scope of review of actions of a school district, acting through its board of school directors, of course, is limited to a determination of whether or not constitutional rights were violated and whether or not an error of law or an abuse of dis-

[2] Nathan O'Leary has an older brother, Paul, and the parents enrolled both children in school in the Wilkinsburg School District at the same time. Although the O'Learys desired to have the children educated together, there is no dispute in regard to Paul O'Leary's right to register in the District.

[3] Act of March 10, 1949, P. L. 30, *as amended*, 24 P.S. §1-101 et seq.

cretion was committed. *English v. North East Board of Education,* 22 Pa. Commonwealth Ct. 240, 348 A.2d 494 (1975). We have considered the appellant's arguments and must conclude that Penn Hills: (1) has not violated any rights of Nathan O'Leary which are protected by the Fourteenth Amendment to the Constitution of the United States; (2) has not violated the Public School Code or the regulations of the Department of Education; and (3) has not abused its discretion.

The right to a public education in Pennsylvania is a statutory right, and, as such, limited by the statutory provisions. The Code here provides in part as follows:

(1) "The board of school directors in every school district *shall* establish, equip, furnish, and maintain a sufficient number of *elementary public schools* . . . to educate every person, residing in such district, *between the ages of six and twenty-one years* . . . ." Section 501 of the Code, 24 P.S. §5-501.

(2) "The board of school directors in any school district *may* establish and maintain kindergartens for children *between the ages of four and six years.*" Section 503 of the Code, 24 P.S. §5-503. (Emphasis added.)

The Code further provides that every resident child is entitled to attend the public school in his district.[4] Where, as here, a state law defines eligibility for a statutory entitlement, that eligibility, of course, is subject to the protection of the Fourteenth Amendment to the Constitution of the United States and may "not be limited in any way that works an invidious discrimination or constitutes a denial of due process." *Hammond v. Marx,* 406 F. Supp. 853, 855 (D. Maine 1975). In this case, therefore, we must

---

[4] Section 1301 of the Code, 24 P.S. §13-1301; 22 Pa. Code §11.11.

determine: (1) whether or not Nathan O'Leary, by reason of his kindergarten enrollment in Wilkinsburg, had acquired a property right to continue his education in Penn Hills; and (2) whether or not Nathan O'Leary has here suffered an invidious discrimination in violation of the equal protection clause of the Fourteenth Amendment. We believe that the appellant here had not acquired a property right to continue his education in Penn Hills by having begun kindergarten in Wilkinsburg. In *Goss v. Lopez,* 419 U.S. 565 (1975), the laws of the State of Ohio entitled all residents between five and twenty-one years of age to a free public education and required attendance for a specified school year. The Supreme Court of the United States held that

"the State is constrained to recognize a student's legitimate entitlement to a public education as a property interest which is protected by the Due Process Clause . . . ." *Goss v. Lopez,* 419 U.S. at 574.

An examination of the state statutes involved here, however, clearly indicates that a local school district is required to provide a free public education only to those resident children who enter school as "beginners" at the primary level (above the kindergarten level), and that the Department's regulations compel attendance for "beginners," not for kindergarten students.[5] We conclude, therefore, that the state has not statutorily entitled a child to a kindergarten education and that enrollment in kindergarten

---

[5] Every child of "compulsory school age" is required to attend school. Section 1327 of the Code, 24 P.S. §13-1327. "Compulsory school age" is the period of a child's life which commences when he enters school as a "beginner," 24 Pa. Code §11.13; *See* Section 1326 of the Code, 24 P.S. §13-1326. A "beginner" is defined as "any child that should enter the lowest grade of the primary school or the lowest primary class above the kindergarten level." Section 1304 of the Code, 24 P.S. §13-1304.

does not, therefore, create a property interest on behalf of the student concerned.

A public education, moreover, is not a fundamental right and classification by age does not constitute a suspect classification. *Hammond v. Marx, supra.* Therefore, the age classification established by the District is a valid one if grounded upon some reasonable basis, and the fact that the classification made by the State is not perfect or results in. some inequality in practice does not offend the Constitution. *Dandridge v. Williams,* 397 U.S. 471 (1970). The Penn Hills requirement that a child be allowed to enter kindergarten only after reaching the chronological age of five years is reasonably based upon the relationship between age and readiness to enter school, *see Hammond v. Marx, supra,* and does not, therefore, work an invidious discrimination against Nathan O'Leary. Moreover, the fact that he had actually reached his fifth birthday by the time he sought admission at Penn Hills does not alter the fact that he was not yet five years of age when that year's Penn Hills kindergarten class began. And, while it is understandable that the parents would want him to continue and would fail to see any significance in the actual date of his birthday, Penn Hills did not abuse its discretion in holding to the letter of its legitimate and justifiable regulations that all kindergarten students be five years of age as of the begining date of classes.

It must be remembered that:

"[O]ur General Assembly has prescribed only general rules and standards, leaving to local school boards administrative responsibility for plans and specifications best adapted to individual districts." *Rosenstein v. North Penn School District,* 19 Pa. Commonwealth Ct. 323, ——, 342 A.2 788, 791 (1975).

The different determinations of admission age for kindergarten students by the Wilkinsburg School District and the Penn Hills School District is authorized by law and the refusal by Penn Hills to accept a student who, while meeting the requirements elsewhere, did not meet the age requirements of that district is clearly permissible.[6] "The courts are in no position to function as super school boards." *Rosenstein v. North Penn School District, supra.* We would further note that the burden of showing an abuse of discretion is a heavy one, *Rosenstein v. North Penn School District, supra,* and one that the appellant here has not carried on the record. The only witnesses presented at the hearing below were Mrs. Patricia O'Leary, Nathan's mother, and Mrs. Jane Mack, Director of Public Services in Penn Hills. Neither witness testified as to facts which would suggest any abuse of discretion by Penn Hills.

We note that the appellant attempted to raise for the first time on appeal an issue as to whether or not the District accepts transfer students in other grade levels without regard to age. An issue which was not raised during previous proceedings in this case is not properly before the Court and cannot be considered. *Bensalem Township School District v. Bucks County Commissioners,* 8 Pa. Commonwealth Ct. 411, 303 A.2d 258 (1973).

The decision of the lower court is hereby affirmed.

---

[6] We do not express an opinion as to whether or not a student admitted to kindergarten acquires a statutory right to continue his education in the school district in which he was admitted.