**MIDASCO, INC., Petitioner**

v.

**PENNSYLVANIA TURNPIKE COMMISSION, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 8, 2002.
Decided Dec. 11, 2002.

Kenneth W. Lee, Harrisburg, for petitioner.

Victor P. Stabile, Harrisburg, for respondent.

BEFORE: FRIEDMAN, Judge, and SIMPSON, Judge, and JIULIANTE, Senior Judge.

OPINION BY Judge SIMPSON.

Midasco, Inc. (Contractor), appeals from the Pennsylvania Turnpike Commission's (PTC) denial of its bid protest. An administrative hearing officer determined that PTC did not violate Chapter Five of the Commonwealth Procurement Code[1] (Code) when it rejected all bids entered for a construction project. We affirm.

The pertinent facts have been stipulated by the parties. Reproduced Record (R.R.) at 2a–9a. In August 2001, PTC solicited sealed bids for the construction of a Roadway Weather Information System, Truck Rollover Warning System, and Traffic Flow Detection System (collectively Roadway Information System). PTC provided all prospective contractors with documents setting forth the requirements for the preparation, evaluation, acceptance, and rejection of bids. PTC did not disclose that it anticipated the cost of the project to be $1,500,000.

Only two bids were received for the project, Contractor's proposal totaling $2,825,000, and the proposal of Carr & Duff, Inc. totaling $2,873,000. PTC never evaluated the individual bids for responsiveness or responsibility. Stipulation of Fact No. 21. Instead, it rejected all bids as exceeding the $1,500,000 internal estimate.

■ Contractor filed a bid protest with the PTC pursuant to Section 1711 of the Code. Thereafter, the parties entered into stipulations of fact and filed briefs with PTC's administrative hearing officer. On April 10, 2002, Contractor's bid protest was denied. Contractor appeals to this Court.[2]

■ Contractor presents three arguments on appeal. First, citing Section 512(e) of the Code,[3] Contractor asserts that PTC was foreclosed from considering the $1,500,000 cost estimate in rejecting the proposals because that figure was not

---

1. 62 Pa.C.S. §§ 501–564.

2. Where an appeal presents a question of statutory interpretation regarding two allegedly conflicting statutes, an appellate court's standard of review is plenary. *Hazleton Area Sch. Dist. v. Zoning Hearing Bd.*, 566 Pa. 180, 778 A.2d 1205 (2001).

3. 62 Pa.C.S. § 512(e) states:
Bids shall be unconditionally accepted without alteration or modification except as authorized in this part or in the invitation for bids. Bids shall be evaluated based on the requirements set forth in the invitation for bids, which may include criteria to determine acceptability such as inspection, testing, quality, workmanship, delivery and suitability for a particular purpose. Those criteria that will affect the bid price and be considered in the evaluation for award shall be objectively measurable, such as discounts, transportation costs and total or life cycle costs. The invitation for bids shall set forth the evaluation criteria to be used. No criteria may be used in bid evaluation that are not set forth in the invitation for bids.

disclosed as a criterion used in the evaluation of the bids. Second, Contractor argues that PTC violated Section 512(g)[4] of the Code by rejecting all bids because that section mandates that the project be awarded to the lowest responsible and responsive bidder. Third, Contractor asserts that because the cost estimate relied upon by PTC was not a criterion set forth in the bid documents, the administrative hearing officer's decision was not supported by the record.

These arguments are without merit since Section 512 does not control. That provision applies when an agency evaluates individual proposals and ultimately awards a contract. That did not happen here. Instead, PTC determined that the Roadway Information System project was not economically feasible, and it rejected all bids in order to serve the best interest of the Commonwealth. These actions were appropriate pursuant to Section 521 of the Code, which states (with emphasis added):

> An invitation for bids, a request for proposals or other solicitation may be canceled or *any or all bids or proposals may be rejected when it is in the best interests of the Commonwealth.* Bids may be rejected in part when specified in the solicitation. The reasons for the cancellation or rejection shall be made part of the contract file.

62 Pa.C.S. § 521.

Unlike Section 512, Section 521 does not limit a government official to considering only the criteria disclosed in the invitation of bids when determining whether to pursue a project. Rather, Section 521 permits officials to exercise their expertise in determining whether a project will sufficiently benefit the Commonwealth. Interpreting a similar provision of the Philadelphia Home Rule Charter,[5] we stated that "[a]bsent evidence of fraud or collusion, our courts have consistently upheld the rejection of all bids and readvertisement for new bids by public officials in the exercise of their informed discretion to decide that it is in the best interest of the public to do so." *Conduit & Found. Corp. v. Philadelphia*, 41 Pa.Cmwlth. 641, 401 A.2d 376, 380 (1979). We again decline the invitation to interfere with an agency's sound discretion.

Accordingly, the written determinations of the contracting officer dated April 10, 2002 are affirmed.

### *O R D E R*

AND NOW, this 11th day of December, 2002, the written determinations of the contracting officer of the Pennsylvania Turnpike Commission dated April 10, 2002 are affirmed.

---

4. Section 512(g) states that "[t]he contract shall be awarded within 60 days of the bid opening by written notice to the lowest responsible and responsive bidder whose bid meets the requirements and criteria in the invitation for bids. . . ."

5. Section 8–200(2)(b) of the Philadelphia Home Rule Charter states that "[t]he [Procurement] Department may reject all bids if it shall deem it in the interest of the City so to do."