**Robert J. CUMMINS d/b/a Bob Cummins Construction Co., Petitioner,**

v.

**DEPARTMENT OF TRANSPORTATION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Feb. 4, 2004.

Decided March 29, 2004.

Gregory A. Henry, Bradford, for petitioner.

Christopher F. Wilson, Harrisburg, for respondent.

BEFORE: LEADBETTER, J., and KELLEY, Senior Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Robert J. Cummins d/b/a Bob Cummins Construction Co. (Cummins) petitions for review from a determination of the Secretary of Transportation (Secretary) which dismissed Cummins bid protest and announced the intention of the Department of Transportation (Department) to reject all bids for the construction of a bridge and the announcement to rebid the project. We dismiss the appeal as moot.

On July 17, 2003, the Department solicited bids for the construction of a bridge in Bradford, Pennsylvania. Cummins prepared and submitted his bid electronically via Department's Expedite Program. While preparing the bid, Melissa Smith, Cummins employee checked the "Contractor's List" icon. This icon, in Cummins' past experience, had never before appeared in the Expedite program. No explanation was given for the "Contractor's List" icon nor was information available anywhere else on the program for the icon. Smith then clicked onto "Add Contractor." Smith ultimately exited the field without deleting the file, thereby unknowingly opening and creating a form titled "List of Contractors for Financial Credit" which was not completed. According to Cummins the form created is unnecessary for a complete bid and is optional for those contractors that are seeking a pre-qualification capacity credit. After exiting out of the program, Smith, as acknowledged by Department, successfully submitted the bid.

Department received six bids, including Cummins', for the bridge project. Five bids were publicly opened and read. Cummins' bid was determined to have been "Submitted with Errors" and was rejected. Therefore, it was not publicly opened and read. According to Cummins, he submitted the lowest bid by nearly $30,000.00.

In response to the rejection of his bid, Cummins filed a protest in accordance with the Commonwealth Procurement Code, 62 Pa.C.S. § 1701(a). In a decision dated August 13, 2003, the Secretary dismissed the bid protest and announced the Department's intention to rebid the project. In his decision, the Secretary stated that the reason Cummins' bid was determined to have been "submitted with error" was because the "Add Contractor" icon had been opened without completing the information therein. The Secretary stated that the reason for not opening Cummins' bid was that "the Department personnel present at the bid opening date were not able to open a bid that is submitted with error identified by Expedite." (R.R. at 249a, 250a.) The Secretary further stated that even if the incomplete information that caused the error to be generated would not have been necessary for the Department to accept the bid, the system prevents a bid to be opened if it was submitted with error.

The Secretary's decision further stated that Department directed its programming consultant to identify a correction and to rectify the error with the program. To ensure that this problem does not again occur, Department now provides a special notice which provides information concerning the "Add Contractor" icon and how to delete the information once it is opened.

As to Cummins' request that his bid be opened, the Secretary stated that the Department cannot legally open the bid in private after the bidding date. The Secretary further determined that in the interest of the Commonwealth all bids were being rejected and the Commonwealth was re-bidding the project in order to maintain

integrity and fairness in the bidding process. This appeal followed.

On appeal, we observe that this court shall affirm the determination of the purchasing agency unless it finds from the record that the determination is arbitrary, capricious, an abuse of discretion or contrary to law, 62 Pa.C.S. § 1711.1(i).

■ Initially, we will address Department's argument that in accordance with the Commonwealth Procurement Code, Cummins has no right to protest or appeal the decision to reject all bids and rebid the project. Specifically, 62 Pa.C.S. § 1711.1(a) provides:

(a) **Right to Protest.**—A bidder or offeror, a prospective bidder or offeror or a prospective contractor that is aggrieved in connection with the solicitation or award of a contract, except as provided in section 521 (relating to cancellation of invitations for bids or requests for proposals), may protest to the head of the purchasing agency in writing.

The provisions contained in 62 Pa.C.S. § 521 provide:

§ 521. **Cancellation of invitations for bids or requests for proposals**

An invitation for bids, a request for proposals or other solicitation may be canceled, or any or all bids or proposals may be rejected, at any time prior to the time a contract is executed by all parties when it is in the best interest of the Commonwealth. Bids may be rejected in part when specified in the contract. The reason for the cancellation or rejection shall be made part of the contract file.

Department maintains that in accordance with the above language, Cummins, as a disappointed bidder had no right to protest a decision rejecting all bids and rebidding the project.

We agree with Cummins, however, that when he filed his bid protest it was because his bid was never publicly opened by Department. Cummins filed his bid protest on July 23, 2003. However, the announcement to rebid the project was not made until the Secretary's decision of August 13, 2003 wherein he rejected all bids "in the interest of the Commonwealth." As such, Cummins appeal which challenged Department's failure to open his bid is proper.

With respect to those issues raised by Cummins, he first argues that his bid proposal of July 17, 2003 was complete and in accordance with § 102 of Department's Publication 408 and all other regulations. In fact, the Secretary's determination cites no defects in Petitioner's bid.

Cummins then argues that the reason his bid was rejected was because the bid contained a blank or incomplete form titled "List of Contractors for Financial Credit Form." However, according to the specifications, the penalty for failing to complete such a form is the disallowance of prequalification capacity credit for which the bidder might otherwise qualify. The specifications do not require the competition of a "List of Subcontractors for Financial Credit" and as such, it was unnecessary and failed to affect the validity of Cummins' bid.

We agree that the Secretary did not specify any defects in Cummins bid and it appears that the bid submitted by Cummins was complete. Nonetheless, the computer program utilized by Department prevented Department from opening the bid because it contained perceived errors.

As to the opening of bids, 62 Pa.C.S. § 512(d) provides in pertinent part:

(d) **Bid opening.**—Bids shall be opened publicly in the presence of one or more witnesses at the time and place designated in the invitation for bids.

Similarly Section 102.12 of Publication 408 entitled "Opening of Proposals" states that

"Bids will be opened and announced publicly at the time, on the date, and at the place shown in the proposal."

Here, Cummins argues that contrary to the Commonwealth Procurement Code and its own publications, Department did not open Cummins' bid even though the law requires that all bids be opened publicly.

 We agree that Department is required to publicly open all bids. However, the Expedite program utilized by Department prevented Department's employees from opening the bid. The Secretary in his decision stated that action has been taken to remedy this defect in the program. At oral arguments, Department stated that bids can no longer be blocked. Specifically, the dollar amount of all bids is shown even if an error is detected.

In this case, given that it was impossible to open Cummins' bid, the Secretary chose to rebid the project. We agree that this is a proper remedy and a remedy that is available to the Secretary. Specifically, as previously stated, 62 Pa.C.S. § 521 provides in pertinent part:

> An invitation for bids, a request for proposals or other solicitation may be cancelled, or any or all bids or proposals may be rejected, at any time prior to the time a contract is executed by all parties when it is in the best interest of the Commonwealth....

Moreover, we do not agree with Cummins that Department's failure to open his bid and Secretary's announced intention to rebid the project is arbitrary and demonstrates bad faith. In accordance with 62 Pa.C.S. § 1711.1(i), this court should affirm the decision of the Secretary "unless it finds from the record that the determination is arbitrary and capricious, an abuse of discretion or is contrary to law."

By rejecting all bids and announcing a rebid of the project, Secretary provided Cummins with relief in that he has been given another opportunity to bid the project. Moreover, Department has taken steps to ensure that all bids can now be opened. "[A]bsent evidence of fraud or collusion, our courts have consistently held the rejection of all bids and readvertisement for new bids by public officials in the exercise of their informed discretion to decide that it is in the best interest of the public to do so." *Midasco, Inc. v. Pennsylvania Turnpike Commission*, 813 A.2d 942, 944 (Pa.Cmwlth.2002) quoting *Conduit & Found. Corp. v. Philadelphia*, 401 A.2d 376, 380 (Pa.Cmwlth.1979).

As to Cummins request that his bid be opened under judicial supervision, we observe that 62 Pa.C.S. § 512(d) prohibits such a remedy. Specifically, 62 Pa.C.S. § 512(d) provides that "Bids shall be opened publicly in the presence of one or more witnesses at the time and the place designated in the invitation for bids." As such, the opening of the bid is precluded at this juncture.[1]

Because the Department has taken affirmative action to ensure that all bids can now be opened despite any errors and the Secretary has decided to reject all proposals and rebid the bridge project, a decision which is neither arbitrary nor capricious, we dismiss the appeal as moot.

### ORDER

Now, March 29, 2004, the appeal in the above-captioned matter is dismissed as moot.

---

**1.** We note that even if Department had properly opened Cummins bid and announced him the low bidder, Secretary would still have the authority under 62 Pa.C.S. § 521 to reject all bids if it was determined to be in the best interest of the Commonwealth.