COMMONWEALTH of Pennsylvania

v.

**Jennifer Ann KERSTETTER,
Appellant.**

Commonwealth Court of Pennsylvania.

Argued Dec. 10, 2012.

Decided Feb. 19, 2013.

Patrick A. Johnson, Lock Haven, for appellant.

Michael F. Piecuch, District Attorney, Middleburg, for appellee.

BEFORE: McGINLEY, Judge, and SIMPSON, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Judge SIMPSON.

In this interlocutory appeal by permission, Jennifer Ann Kerstetter appeals from an order of the Court of Common Pleas of the 17th Judicial District (Snyder County Branch) (trial court)[1] denying her motion to dismiss the charges filed against her by the Midd–West School District (School District) for alleged violations of Section 1327 of the Public School Code of 1949 (Code),[2] regarding compulsory school at-

---

1. The Honorable Michael H. Sholley, President Judge, presided.

2. Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. § 13–1327.

tendance. Kerstetter contends her children were not of compulsory school age and, therefore, not subject to the compulsory school attendance laws. The sole issue before us involves the statutory interpretation of the phrase "compulsory school age."

Kerstetter enrolled her twin daughters in the kindergarten program at the West Beaver Elementary School in the School District for the 2011–2012 school year.[3] The School District issued three non-traffic citations against Kerstetter for alleged violations of Pennsylvania's compulsory school attendance law citing alleged unlawful absences of her children from school on three days in November and December 2011.

Kerstetter appealed the citation to a magisterial district judge, who found her guilty in all three cases. Kerstetter then filed a summary appeal with the trial court. The trial court conducted two hearings. The administrator of the School District/principal of the West Beaver Elementary School, who issued the citations against Kerstetter, testified on behalf of the Commonwealth of Pennsylvania (Commonwealth). Kerstetter testified in her own defense.

At the first hearing, Kerstetter, who represented herself, testified she had difficulty getting the children out of bed in the morning to attend school. Notes of Testimony (N.T.), 5/8/2012, at 14. Kerstetter also testified she relied on information garnered from a website that students enrolled in kindergarten are not of compulsory school age and, therefore, not subject to compulsory school attendance. *Id.* at 15.

The Commonwealth recognized a potential inconsistency between the definition of "compulsory school age" in the Code and the attendant regulations promulgated by the Pennsylvania Department of Education (Department). Specifically, Section 1326 of the Code, defines "compulsory school age" as "the period of a child's life from the time the child's parents elect to have the child enter school, which shall be not later than at the age of eight (8) years." 24 P.S. § 13–1326. However, Section 11.13 of the Department's regulations provides:

> Compulsory school age refers to the period of a child's life from the time the child enters school as a beginner which may be no later than at the age of 8 years, until the age of 17 or graduation from a high school, whichever occurs first. *A beginner is a child who enters a school district's lowest elementary school grade that is above kindergarten.*

22 Pa.Code § 11.13 (emphasis added).

Due to the unique legal issue presented, the trial court continued the proceeding, directed the appointment of counsel for Kerstetter, and directed the parties to prepare memoranda of law regarding compulsory school attendance for kindergarten children.

At the second hearing, the parties argued their respective positions. The Commonwealth argued that once a child is enrolled in school, including kindergarten, the child is subject to compulsory school attendance laws. Kerstetter argued compulsory school age does not include children enrolled in kindergarten.

---

**3.** Prior to this, the custodian of the children enrolled them in kindergarten at Selinsgrove School District. Notes of Testimony (N.T.), 6/29/2012, at 7–8. Kerstetter obtained custody of the children and transferred them to kindergarten at West Beaver Elementary School. *Id.* at 8; *see* N.T., 5/8/2012, at 15–16. The trial court found Kerstetter enrolled the children in West Beaver Elementary School because she authorized the transfer. N.T., 6/29/2012, at 9. Kerstetter does not dispute this finding in her brief.

At the close of the hearing, Kerstetter moved to dismiss the charges based on the regulation's definition of compulsory school age. The trial court denied the motion from the bench. N.T., 6/29/2012, at 12.

In the opinion and order that followed, the trial court determined that when parents elect to enroll their children in school, the children are subject to compulsory school attendance laws. As the trial court observed:

> It would seem inappropriate to require school districts to admit students into a kindergarten program, even if they are younger than 8 years and not require their attendance after they are enrolled. Allowing parents to send their children to kindergarten or not send their children [to] kindergarten after they are enrolled would essentially turn our public schools into a free child care situation. School districts could not budget for materials, staff or meals if they would have absolutely no control or no idea how many students would be appearing on any given day for their kindergarten program.

Tr. Ct., Slip Op., 9/20/12, at 3–4. Ultimately, the trial court ruled Kerstetter's children are subject to the Code's compulsory school attendance provisions.

█ Kerstetter sought to certify the case for an interlocutory appeal, which the trial court granted. On further petition to this Court, we allowed the appeal limited to the issue of whether a child is considered of "compulsory school age" pursuant to Section 1326 of the Code if the child is younger than eight years old and currently enrolled in kindergarten courses in public school.[4]

In this appeal, Kerstetter maintains her children do not meet the definition of "compulsory school age" because they are only enrolled in kindergarten and, therefore, are not subject to the compulsory school attendance law. Kerstetter contends only children classified as "beginners," who are enrolled in grades above kindergarten, are subject to compulsory attendance.

In support of her position, Kerstetter relies upon the Department's regulation defining "compulsory school age" as a child who enters a school district's lowest elementary school grade above kindergarten. She also relies on other information circulated by the Department, through written brochures, directives and the Internet, indicating that a child in kindergarten is not a "beginner," and, therefore, not subject to compulsory attendance laws. Additionally, Kerstetter cites *O'Leary v. Wisecup*, 26 Pa.Cmwlth. 538, 364 A.2d 770 (1976), in support of her position that the law only compels attendance for "beginners," not kindergarten students, because the state is not required to provide kindergarten.

In response, the Commonwealth counters, despite the inconsistency in the regulations, the controlling statutory definition in the Code compels school attendance for two categories of students: (1) children who have attained the age of eight years old, and (2) children whose parents elect to enroll them in school. The Code does not distinguish between children enrolled in kindergarten and children enrolled in

---

4. This Court granted the petition for permission for the interlocutory appeal pursuant to Pa. R.A.P. 1311. This Court has jurisdiction of the subject matter pursuant to Section 762(a)(4) of the Judicial Code which provides the Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in local government civil and criminal matters. 42 Pa.C.S. § 762(a)(4). Where an appeal presents a question of statutory interpretation of law and regulations, our scope of review is plenary. *See Midasco, Inc. v. Pa. Tpk. Comm'n*, 813 A.2d 942 (Pa.Cmwlth.2002).

grades above kindergarten. The Commonwealth argues the compulsory school attendance provisions apply to Kerstetter's children because they are enrolled in school. The Commonwealth asserts *O'Leary* is not controlling because the case involved whether the state must provide kindergarten to a child, not whether a child must attend kindergarten.

We are guided by the principles set forth in the Statutory Construction Act of 1972, 1 Pa.C.S. §§ 1501–1991. "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." Section 1921(b) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(b). The best indication of legislative intent is the plain language of the statute. *Slippery Rock Area Sch. Dist. v. Pa. Cyber Charter Sch.*, 612 Pa. 486, 31 A.3d 657 (2011).

Section 1327 of the Code, which addresses attendance, provides *"every child of compulsory school age* having a legal residence in this Commonwealth ... *is required to attend a day school* in which the subjects and activities prescribed by the standards of the State Board of Education are taught in the English language." 24 P.S. § 13–1327 (emphasis added). Section 1326 of the Code defines "compulsory school age, as hereinafter used," as *"the period of a child's life from the time the child's parents elect to have the child enter school,* which shall be not later than at the age of eight (8) years, until the age of seventeen (17) years." 24 P.S. § 13–1326 (emphasis added). Section 1326 excludes from the definition "any child who holds a certificate of graduation from a regularly accredited senior high school." *Id.* Section 1330 of the Code contains other exceptions to compulsory attendance in public school, none of which applies here. 24 P.S. § 13–1330.

The Code's definition of "compulsory school age" is clear and free from ambiguity. The ambiguity in this case arises from the definition of "compulsory school age" in the Department's regulations, which conflicts with the Code. The regulations define "compulsory school age" as:

> [T]he period of a child's life from the time the child enters school as a beginner which may be no later than at the age of 8 years, until the age of 17 or graduation from a high school, whichever occurs first. *A beginner is a child who enters a school district's lowest elementary school grade that is above kindergarten.*

22 Pa.Code § 11.13 (emphasis added).

Section 1304 of the Code also defines "beginners" as "any child that should enter the lowest grade of the primary school or the lowest primary class above the kindergarten level." 24 P.S. § 13–1304. However, Section 1304 addresses admission of "beginners" to Pennsylvania public schools, not attendance. This definition of beginners is restricted to Section 1304. *Id.*

■ This Court has held an "administrative agency's interpretation of its own regulations is controlling unless the interpretation is plainly erroneous or inconsistent with the statute under which it is promulgated." *Joyce Outdoor Adver., LLC v. Dep't of Transp.*, 49 A.3d 518, 524 (Pa.Cmwlth.2012). It is axiomatic that a statute is the law and trumps an administrative agency's regulations. *See id.*

■ The compulsory school attendance provision of the Code uses the term "compulsory school age" as defined by the Code, not by the regulations. The Code plainly defines the term as "the period of a child's life from the time the child's par-

ents elect to have the child enter school." 24 P.S. § 13–1326. As the Commonwealth points out, the statutory definition of "compulsory school age" does not mention "beginner" or distinguish between children enrolled in kindergarten and those enrolled in higher grades. The regulations' definition of "compulsory school age" is clearly inconsistent with the Code's definition due to the insertion of the term "beginner." The Code's definition of "compulsory school age" takes precedence over the inconsistent regulation as well as any other inconsistent material circulated by the Department. *See Joyce.*

Kerstetter also relies on *O'Leary* in support of her position that the law only compels attendance for "beginners," not kindergarten students. In *O'Leary*, this Court addressed the term "beginner" in the context of determining whether a child could force the school district to provide a free kindergarten education. The child, who was enrolled in kindergarten in one district, moved to another district and sought admission to kindergarten there. The second kindergarten denied admission because the child did not meet the district's minimum age requirements. We held that the child did not possess a statutory or property interest in a free kindergarten education. *Id.* We reasoned the Code only requires school districts to provide a free public education for grades one and up. *Id.* (citing Section 501 of the Code, 24 P.S. § 5–501). The Code does not require school districts to provide a kindergarten education, but gives school districts discretion to provide kindergarten. *Id.* at(citing Section 503 of the Code, 24 P.S. § 5–503); *accord Slippery Rock* (holding that a child is permitted to enroll in kindergarten only to the extent that a district has exercised its discretion to provide such a program).

*O'Leary* does not support Kerstetter's position because that decision centered not on whether a child must attend kindergarten, but whether the state must provide kindergarten to a child. Although the *O'Leary* Court referenced the Code's compulsory school attendance provisions, the Court did not discuss these provisions in its analysis. Therefore, this case is not instructive on the issue before this Court.

 We recognize the Department's inconsistent regulation and circulated information may have caused Kerstetter's genuine, albeit erroneous, belief that she did not have an obligation to send her kindergarten children to school. However, the Code itself clearly defines "compulsory school age" as "the period of a child's life from the time the child's parents elect to have the child enter school, which shall be not later than at the age of eight (8) years" without any exception for children enrolled in kindergarten. 24 P.S. § 13–1326. Although a school district is not required to provide kindergarten and parents are not required to enroll their child in kindergarten, once the election to enroll a child in school is made, the child is subject to the Code's compulsory attendance requirements. In other words, the compulsory school attendance provisions apply to any student *enrolled in public school,* regardless of whether they are enrolled in kindergarten.

At the time the School District issued the citations, Kerstetter's children were younger than eight years old and enrolled in kindergarten in public school. We, therefore, conclude the trial court did not err in determining Kerstetter's children were of compulsory school age pursuant to Section 1326 of the Code and subject to the compulsory school attendance law. Accordingly, we affirm the trial court's order denying Kerstetter's motion to dis-

miss on this basis.[5]

### ORDER

**AND NOW,** this 19th day of February, 2013, the order of the Court of Common Pleas of the 17th Judicial District (Snyder County Branch) (trial court), which denied Jennifer Ann Kerstetter's motion to dismiss the charges filed against her, is **AFFIRMED.** We remand the matter to the trial court for further proceedings, which shall include consideration of the remaining issues.

The Chief Clerk is directed, in addition to the usual distribution, to send a certified copy of this opinion and order to the Secretary of the Pennsylvania Department of Education.

Jurisdiction is relinquished.

### DISSENTING OPINION BY Senior Judge FRIEDMAN.

I respectfully dissent. The majority affirms the order of the Court of Common Pleas of the 17th Judicial District (Snyder County Branch) (trial court), which denied Jennifer Ann Kerstetter's motion to dismiss the charges filed against her by the Midd–West School District (School District) for violating section 1327 of the Public School Code of 1949 (Code),[1] 24 P.S. § 13–1327, relating to compulsory school attendance. Because a child who has not entered first grade or is less than eight years old is not of "compulsory school age," I would reverse the order of the trial court.

As stated in *O'Leary v. Wisecup,* 26 Pa.Cmwlth. 538, 364 A.2d 770, 773 (1976), "[t]he right to a public education in Pennsylvania is a statutory right, and, as such, [is] limited by the statutory provisions." "A child is not statutorily entitled to a kindergarten education." *Slippery Rock Area School District v. Pennsylvania Cyber Charter School,* 612 Pa. 486, 502, 31 A.3d 657, 667 (2011); *see* section 503 of the Code, 24 P.S. § 5–503. School districts are, however, statutorily required to provide free public education commencing with first grade. *O'Leary,* 364 A.2d at 773; *see* section 501 of the Code, 24 P.S. § 5–501.

Section 1327 of the Code, 24 P.S. § 13–1327, provides that "every child of compulsory school age . . . is required to attend a day school. . . ." Section 1326 of the Code, 24 P.S. § 13–1326, states:

The term "compulsory school age," as hereinafter used, shall mean the period of a child's life from the time the child's parents elect to have the child enter school, which shall be not later than at the age of eight (8) years, until the age of seventeen (17) years. The term shall not include any child who holds a certificate of graduation from a regularly accredited senior high school.

In accordance with the above, from age eight until the age of seventeen, or upon graduation, a child is of compulsory school age. The Code states that a child must enter school by age eight; however, a parent may elect to start the child sooner. I believe the phrase "enter school" refers to

---

5. In so holding, we stress that our decision is restricted solely to the legal issue of whether children enrolled in kindergarten are subject to compulsory attendance laws under the Public School Code of 1949. Because we restricted the issue in this interlocutory appeal to one of statutory construction, we do not reach the underlying merits of the case or

address the issue of whether enforcement of the compulsory school attendance laws against Kerstetter would violate her constitutional rights to due process and equal protection at this juncture. *See* Appellant's Br. at 8.

1. Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §§ 1–101—27–2702.

that mandated by statute, i.e., education that is required beginning with first grade. Thus, a parent may choose to enroll a student in *first grade* earlier than, but no later than, age eight.

The object of statutory construction is to ascertain and effectuate legislative intent. Section 1921(a) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(a). "The best indication of legislative intent is the plain language of the statute." *Slippery Rock*, 612 Pa. at 497, 31 A.3d at 663. The plain language of the statute provides that from the time a child enters first grade and until age seventeen or graduation, that child is of compulsory school age. The intent of section 1326 of the Code, 24 P.S. § 13–1326, is to ensure that by age eight a child is attending first grade, which a school district must provide, not kindergarten, which is optional.[2] Further, a child must remain in school until age seventeen or upon graduation.

Moreover, the Department's regulations support the proposition that "compulsory school age" does not include children attending kindergarten. Specifically, 22 Pa. Code § 11.13 provides:

> Compulsory school age refers to the period of a child's life from the time the child enters school as a beginner which may be no later than at the age of 8 years, until the age of 17 or graduation from a high school, whichever occurs first. A beginner is a child who enters a school district's lowest elementary school grade that is above kindergarten.

In *O'Leary* this court addressed the interplay between the Code and the regulations and stated:

An examination of the state statutes involved here, however, clearly indicates that a local school district is required to provide a free public education only to those resident children who enter school as "beginners" at the primary level (above the kindergarten level), and that the Department's regulations compel attendance for "beginners," not for kindergarten students.[5]

---

5. Every child of "compulsory school age" is required to attend school. Section 1327 of the Code, 24 P.S. § 13–1327. "Compulsory school age" is the period of a child's life which commences when he enters school as a "beginner," 24 Pa.Code § 11.13; *See* Section 1326 of the Code, 24 P.S. § 13–1326. A "beginner" is defined as "any child that should enter the lowest grade of the primary school or the lowest primary class above the kindergarten level." Section 1304 of the Code, 24 P.S. § 13–1304.

*O'Leary*, 364 A.2d at 773.

As stated by the majority, "a school district is not required to provide kindergarten and parents are not required to enroll their child in kindergarten...." (Maj. Op. at 1070.) Because kindergarten is not mandated by statute, attendance is not compulsory. "Compulsory" is defined as "[c]ompelled; mandated by legal process or by statute...." Black's Law Dictionary 326 (9th ed.2009). The Code's compulsory school attendance provisions apply to a child required to be enrolled in public school. This requirement commences with first grade.

Accordingly, because a child who has not entered first grade or is less than eight years old is not of "compulsory school

**2.** The majority states that "the compulsory school attendance provisions apply to any student *enrolled in public school,* regardless of whether they are enrolled in kindergarten." (Maj. Op. at 1070.) Following the majority's

rationale, a parent could circumvent the intent of Section 1326 of the Code, 24 P.S. § 13–1326 by enrolling an eight-year-old child in kindergarten, because that child would be enrolled in public school.

age," I would reverse the order of the trial court.