IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Mission Funding Beta Company,<br>Petitioner | : | |
| | : | |
| | : | |
| v. | : | No. 411 F.R. 2019 |
| | : | |
| Commonwealth of Pennsylvania,<br>Respondent | : | Argued: March 4, 2025 |
| | : | |

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge
               HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION
BY JUDGE McCULLOUGH                   FILED: August 14, 2025

Mission Funding Beta Company (Taxpayer) petitions for review of the March 29, 2019 order of the Board of Finance and Revenue (Board), which affirmed the order of the Board of Appeals (BOA) dismissing its petition seeking a refund for a tax overpayment as untimely pursuant to Section 3003.1(a) of the Tax Reform Code of 1971 (Code).[1]  On appeal, Taxpayer contends Section 3003.1(a) is inapplicable to this case, and that the Department of Revenue (Department) failed to comply with its statutory duty under Section 406 of the Code, 72 P.S. § 7406, to either adjust its tax liability or credit its account for the relevant fiscal year.  After careful review, we vacate the order of the Board and remand this case for further consideration consistent with this Opinion.

---

[1] Act of March 4, 1971, P.L. 6, *as amended*, added by the Act of July 1, 1985, P.L. 78, 72 P.S. § 10003.1(a) (providing in pertinent part that "a petition for refund must be made to the [D]epartment [of Revenue] within three years of actual payment of the tax").

## Background

The relevant facts and procedural history of this case are as follows. Taxpayer is a California corporation subject to Pennsylvania corporate net income tax and is an affiliate of Edison International (Edison), an electric power company headquartered in California. This case concerns Taxpayer's corporate net income tax for the tax year beginning on January 1, 2008, and ending on December 31, 2008 (Fiscal Year 2008).

By way of background, Taxpayer filed its 2008 Pennsylvania corporate tax report on October 7, 2009 (2008 Tax Report). It reported corporate net income tax of $8,458,844 and paid this sum on April 15, 2009. The Internal Revenue Service (IRS) thereafter audited Edison and its affiliates for tax years 1994 through 2012 and finalized this process on March 23, 2017.

On August 29, 2017, Taxpayer filed a report of change to the Department based on the results of the IRS audit for Fiscal Year 2008 and changes to its federal tax liability using tax form RCT-128C. (Report of Federal Changes.) In its Report of Federal Changes, Taxpayer claimed a significant reduction in the taxable income it reported in its 2008 Tax Report, resulting in an overpayment of $4,916,542, for which it requested a refund. (Joint Statement of Facts (S/F), Exhibit I.)

The Department rejected Taxpayer's Report of Federal Changes in April of 2018,[2] citing Section 406(a) of the Code, 72 P.S. § 7406(a), which requires corporations to report a change in taxable income by the IRS to the Department within six months of the adjustment. In doing so, it stated:

---

[2] The copy of this letter attached to the Joint Statement of Facts is dated April 6, 2018. (S/F ¶ 22.) However, it is not signed, and Taxpayer maintains it did not become aware of this letter until February 5, 2019, almost one year after it was issued, when the Board attached it to a filing. (S/F ¶ 24.)

The RCT-128C, Report of Change in Corporate Net Income Tax, for tax year ending 12-31-2008 has been rejected. According to statute 72 P.S. § 7406, Changes made by Federal Government, there is no authority for this entity to submit a RCT-128C for this tax year because there was no change in **federal taxable income**. No further action will be taken on this submission.

(Department Decision, 4/06/18) (emphasis added). The Department did not define the term "federal taxable income"[3] or explain its determination that Taxpayer was not authorized to file its Report of Federal Changes.

On June 11, 2018, Taxpayer filed a petition with the BOA claiming entitlement to a credit for the corporate net income tax it overpaid for Fiscal Year 2008 (Petition). On August 31, 2018, the BOA issued a decision and order dismissing the case based on Taxpayer's failure to comply with the timeliness provision set forth in Section 3003.1(a) of the Code, which requires a taxpayer to file a petition for refund within three years of its payment of the tax. The BOA found that because Taxpayer filed the Petition on June 11, 2018, its request was submitted well beyond three years of its payment of the tax for Fiscal Year 2008 on April 15, 2009. (BOA Decision and Order, 8/31/18, at 1.) The BOA did not discuss the statutory provision on which the Department's decision was based, namely 72 P.S. § 7406(a).

Petitioner appealed to the Board, which affirmed the BOA's decision and dismissed the appeal on March 29, 2019. In doing so, it found that Taxpayer requested a refund beyond the statutory deadline set by Section 3003.1(a) of the Code and explained:

---

[3] The parties do not agree on the meaning of "federal taxable income" for purposes of the Section 406(a) reporting requirement. While the Commonwealth contends that this term refers to the number reported on Line 28 of the federal tax return (citing 61 Pa. Code § 153.11), Taxpayer argues that it is instead appropriate to use the definition provided in Section 63 of the Internal Revenue Code (IRC), 26 U.S.C. § 63. (Taxpayer's Reply Br., at 1; Commonwealth's Br., at 21.)

[Taxpayer's] request for relief is dismissed because [Taxpayer] failed to file its refund petition within three years of the tax payment date. Taxpayers are required to file a petition for refund with the Department within three years of the payment of tax. 72 P.S. § 10003.1(a). Actual payment of the tax for purposes of determining when the refund period begins is the act of transferring money or credits by the taxpayer to the Department, and the Department's acceptance of the money or credits in full satisfaction of tax liability. *Mission Funding Alpha v. Commonwealth of Pennsylvania*, 173 A.3d 748 (Pa. 2017).

[Taxpayer] paid the tax at issue on April 15, 2009, at the latest, which is the date [Taxpayer's] corporate tax report was due. *See id.* at 759 (holding actual payment of tax occurs on the due date of the tax report, regardless of extensions or whether a report was actually filed)[.] . . . .

(Board Decision, 3/29/19, at 2.) The Board's decision likewise did not address the applicability of 72 P.S. § 7406 to Taxpayer's request for a credit for its tax overpayment. This petition for review followed.

## Discussion

On appeal,[4] Taxpayer contends the Department failed to comply with Section 406 of the Code by refusing to either adjust its tax liability for Fiscal Year 2008 or credit its account. (Taxpayer's Br., at 10.) Taxpayer maintains that the change in its federal taxable income resulting from the IRS audit triggered its obligation under Section 406(a) to file the Report of Federal Changes and to recompute its Pennsylvania taxable income, reflecting an overpayment of $4,916,542. Taxpayer asks this Court to

---

[4] When considering an order of the Board, we employ a de novo standard of review and the broadest scope of review "because we function essentially as a trial court, even though we hear these cases in our appellate jurisdiction." *Victory Bank v. Commonwealth*, 190 A.3d 782, 783 n.1 (Pa. Cmwlth. 2018) (citations omitted). To the extent this appeal involves issues of statutory interpretation, our standard of review is de novo, and our scope of review is plenary. *Greenwood Gaming & Entertainment, Inc. v. Commonwealth*, 263 A.3d 611, 620 (Pa. 2021).

4

issue an order in the nature of mandamus directing the Department to carry out its ministerial duty to adjust its account pursuant to Section 406(b) of the Code to conform to the revised computation. *Id.* at 15, 18.

We begin by noting that "our paramount goal in interpreting a statute is to ascertain and effectuate the intention of the General Assembly." *Greenwood Gaming*, 263 A.3d at 620. Courts can best discern legislative intent from the plain language of a statute itself, and, consistent with this principle, we must construe the words of a statute in accordance with their common and approved usage. *Id.* To the extent there is any conflict between relevant statutory provisions, we are mindful that "when a conflict between two provisions in a statute exists, the more specific provision trumps a more general provision[.]" *County of Fulton v. Secretary of Commonwealth*, 330 A.3d 481, 508 (Pa. Cmwlth. 2024); *see also* 1 Pa. C.S. § 1933 (stating rule of statutory construction that if there is irreconcilable conflict between provisions, the special provision prevails and must be construed as an exception to the general provision).

As previously noted, Section 3003.1(a) of the Code sets forth the **general procedure** by which Pennsylvania taxpayers may seek refunds or credits for taxes paid to the Commonwealth, and it sets a three-year time limitation for seeking such relief after the tax is paid. That provision is included in Article XXX setting forth General Provisions and states:

§ 10003.1. Petitions for refunds

(a) For a tax collected by the Department of Revenue, a taxpayer who has actually paid tax, interest or penalty to the Commonwealth or to an agent or licensee of the Commonwealth authorized to collect taxes may petition the Department of Revenue for refund or credit of the tax, interest or penalty. Except as otherwise provided by statute,

5

a petition for refund must be made to the department within three years of actual payment of the tax, interest or penalty.

72 P.S. § 10003.1(a).

Here, Taxpayer acknowledges "the parties agree that, under 72 P.S. § 10003.1(a), a petition for refund must be filed within three years of when tax is paid [and Taxpayer] is outside that three-year window." (Taxpayer's Reply Br., at 1.) Thus, there is no dispute that if Section 3003.1 controls our disposition, Taxpayer is not entitled to a refund or credit because the provision's three-year time limitation bars relief.

However, Taxpayer maintains that the general provision at Section 3003.1 of the Code does not control the outcome of this case, because the parties' respective obligations are instead governed by Section 406(a)-(b) of the Code, which is triggered under circumstances where, as here, the request for a credit is spurred by the results of a preceding IRS audit. On this point, we agree with Taxpayer. As noted, Section 406 of the Code provides a mechanism for the Department to assess or credit a corporate taxpayer after its taxable income is changed by the IRS. The provision is included in Article IV governing Corporate Net Income Tax and reads as follows:

> **§ 7406. Changes made by Federal Government**
>
> (a) **If the amount of the taxable income**, as returned by any corporation to the Federal Government, **is finally changed or corrected by the Commission of Internal Revenue** or by any other agency or court of the United States, **such corporation, within six months after the receipt of such final change or correction, shall make a report of change**, under oath or affirmation, to the department showing such finally changed or corrected taxable income, upon which the tax is required to be paid to the United States. In case a corporation fails to file a report of change, which results in an increase in taxable income within the time prescribed,

6

there shall be added to the tax, a penalty of five dollars ($5) for every day during which such corporation is in default, but the department may abate any such penalty in whole or in part.

(b) If, as a result of such final change or correction, a **corporation should report any change in the amount of the taxable income of any corporation upon which tax is imposed by this article, the department shall adjust the corporation's tax on the department's records to conform to the revised tax as reported and shall credit the taxpayer's account to the extent of any overpayment resulting from the adjustment**. The department shall then have the power, and its duty shall be, to determine and assess the taxpayer's unpaid and unreported liability for tax, interest or penalty due the Commonwealth, or to credit the taxpayer's account.

72 P.S. § 7406(a)-(b) (emphasis added).

While the language of Section 3003.1 of the Code sets forth the procedure and timeframe within which a taxpayer must typically petition the Department for a refund, Section 406(a) addresses the particular procedure applicable where, as here, a corporate taxpayer's request for a credit is precipitated by a change made by the federal government. Therefore, to the extent there is any irreconcilable conflict in the language, "the special provisions [, *i.e.*, Section 406(a)-(b)] shall prevail and shall be construed as an exception to the general provision[, *i.e.*, Section 3003.1]." 1 Pa.C.S. § 1933.

Turning to the application of Section 406, the plain language of subsection (a) requires corporations to report any final changes to their taxable income made by the IRS to the Department within six months of receiving notice of the change. In turn, Section 406(b) provides that when a corporation reports a change in its taxable income due to federal changes, the Department must adjust its state tax records accordingly.

7

This adjustment to Department records can result in either a credit to the corporation for a tax overpayment, or an assessment for unpaid tax liabilities.

Here, Taxpayer filed its Report of Federal Changes in August of 2017, within six months of finalization of the IRS audit in March of 2017. The Department refused to process the filing, based on its conclusion that Section 406(a)'s reporting requirement was not triggered because there was no change to Taxpayer's "federal taxable income." (Department Decision, 4/06/18.) However, the Department did not define the term federal taxable income in its decision or cite any statutory provision or regulation defining the term.

In Taxpayer's subsequent appeals to the BOA and the Board, neither entity addressed the applicability of Section 406 to the instant case or the appropriate definition of "taxable income" as used in the statute. Instead, the BOA and the Board relied on Section 3003.1 of the Code in finding Taxpayer's request for relief untimely.

Based on the foregoing, we conclude that the parties' respective obligations are governed by Section 406(a)-(b) of the Code, as it is the specific provision applicable when corporate taxpayers request a credit for overpayment of state taxes after an IRS audit. The Department refused to process Taxpayer's Report of Federal Changes, without explaining the basis for its decision that Taxpayer was not authorized to make this filing. We therefore vacate the Board's order and remand for it to apply Section 406 of the Code, in light of our holding that the general provision at Section 3003.1 is inapplicable and does not operate to foreclose Taxpayer relief. On remand, the Board shall consider the appropriate definition of "taxable income" as used in Section 406(a) in determining whether Taxpayer had a duty to file a report of federal change with the Department, thereby triggering the Department's statutory duty under subsection (b) to adjust its records to conform to the revised tax. Accordingly, we

8

vacate the Board's order and remand for further consideration consistent with this Opinion.

_____
PATRICIA A. McCULLOUGH, Judge

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mission Funding Beta Company,           :
                    Petitioner          :
                                        :
            v.                          :    No. 411 F.R. 2019
                                        :
Commonwealth of Pennsylvania,           :
                    Respondent          :

## ***ORDER***

AND NOW, this 14th day of August, 2025, the March 29, 2019 order of the Board of Finance and Revenue (Board) is hereby VACATED, and this case is hereby REMANDED to the Board for further consideration consistent with this opinion. Unless exceptions are filed within 30 days pursuant to Pa.R.A.P. 1571(i), this order shall become final. Jurisdiction relinquished.

_____
PATRICIA A. McCULLOUGH, Judge